■ MARTHA G. COMBS et al., Respondents, v INCORPORATED VILLAGE OF FREEPORT, Appellant.—In a negligence action to

recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Kutner, J.), dated December 12, 1986, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The court properly denied the defendant's motion for summary judgment dismissing the plaintiffs' action to recover damages caused by an allegedly defective condition in a sidewalk, on the ground that the Village Clerk had not received prior written notice of this condition as required by CPLR 9804, Village Law § 6-628 and Code of Ordinances of the Village of Freeport § 27-2. The admissions by the Assistant Superintendent of the Department of Public Works that the defendant village retained an independent contractor to construct the sidewalk and catch basin at issue as part of street improvements on South Long Beach Avenue combined with the plaintiffs' detailed descriptions, based on personal observations, of the condition of the situs of the accident at the time of its construction and at the time of the accident, suffice to create a triable issue of fact as to whether or not the defendant village was liable for the creation of a dangerous defect in the sidewalk (cf., Zigman v Town of Hempstead, 120 AD2d 520). An exception to the prior written notice rule exists when the municipality has caused or created a defect or dangerous condition (see, Freeman v County of Nassau, 95 AD2d 363).

Since the defendant admits the subject sidewalk was constructed as part of a street improvement on Long Beach Avenue, it cannot avoid liability for the allegedly dangerous condition of the sidewalk on the ground that it was caused by an independent contractor. The defendant village has a nondelegable duty to maintain its highways, of which sidewalks are a part (see, Williams v State of New York, 34 AD2d 101, 104; see generally, 64 NY Jur 2d, Highways, Streets, and Bridges, §§ 1, 6), in a reasonably safe condition (see, Lopes v Rostad, 45 NY2d 617, 623; Blais v St. Mary's of Assumption R. C. Church, 89 AD2d 653; see generally, 65 NY Jur 2d, Highways, Streets, and Bridges, § 411).

Lastly, questions of credibility on a motion for summary judgment should not be determined by the court (Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338; Zulferino v State Farm Auto. Ins. Co., 123 AD2d 432). Here, the credibility of the plaintiffs' recollections with regard to the condition of the accident site at the time of the construction of the subject sidewalk and catch basin in 1961 was an issue properly

reserved for the trier of facts. Kunzeman, J. P., Rubin, Eiber and Sullivan, JJ., concur.