■ ROSEMARY PICCIRILLO, Appellant, v PAUL PICCIRILLO, Defendant, and ALLESSANDRO PICCIRILLO et al., Respondents.—In an action, *inter alia,* to recover damages and for the imposition of a constructive trust on the grounds of fraudulent conveyance, conversion, and conspiracy to defraud, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered October 15, 1987, which granted the motion of the defendants Allessandro Piccirillo, Leonilda Piccirillo and Ugo Piccirillo for summary judgment dismissing the complaint as against them, and (2) an

order of the same court (Miller, J.), entered August 2, 1988, which denied the plaintiff's motion pursuant to CPLR 5015 to vacate the order entered October 15, 1987.

Ordered that the order entered October 15, 1987 is reversed, on the law, and the motion is denied; and it is further,

Ordered that the appeal from the order entered August 2, 1988 is dismissed as academic; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by the defendants Allessandro Piccirillo, Leonilda Piccirillo and Ugo Piccirillo.

The record reveals that the plaintiff and the defendant Paul Piccirillo were divorced in 1984. Pending the resolution of the equitable distribution issues raised by the divorce case, the plaintiff commenced this action against her former husband Paul, his parents, the defendants Allessandro Piccirillo and Leonilda Piccirillo, and his brother Ugo Piccirillo. The plaintiff then moved, *inter alia,* for an order of attachment regarding the real and personal property of Allessandro, Leonilda and Ugo on the ground that they had conspired with Paul to secrete funds from her. A hearing was held on the motion, during which testimony was elicited indicating that Paul had created, among other things, a substantial bank account in trust with Allessandro and Leonilda which allegedly was used to pay Paul's expenses while he traveled extensively in Europe and the Middle East. It further appears from the record that Paul has relocated to Europe and is not expected to return to the United States. Paul's parents testified that while they had vacationed with Paul in Italy, they did not know where he resided. Subsequent to the hearing, the Supreme Court, Westchester County (Buell, J.), denied the plaintiff's motion for an order of attachment, finding, *inter alia,* that "[the] plaintiff has failed to meet the stringent requirements of CPLR § 6201 subdivision (3) by establishing that any of the three defendants whose actions were considered by this Court intended to defraud her or has assigned, disposed of, encumbered or secreted any property or is about to do any of those acts".

Allessandro, Leonilda and Ugo then moved for summary judgment dismissing the complaint as against them, submitting the transcript of the attachment hearing in support of their motion. The plaintiff opposed the motion, *inter alia,* on the ground that the hearing had been limited to the issue of whether attachment was appropriate and did not fully explore the merits of her underlying claims. In an order entered

October 15, 1987, the court granted the motion for summary judgment. A subsequent motion by the plaintiff pursuant to CPLR 5015 to vacate the order entered October 15, 1987 was denied by order entered August 2, 1988. The plaintiff appeals from the last two orders. We now reverse the order entered October 15, 1987 and deny the motion for summary judgment. Moreover, in light of that disposition we dismiss the plaintiff's appeal from the order denying her motion to vacate the prior order as academic.

The transcript of the hearing on the question of whether the plaintiff was entitled to the provisional remedy of attachment constituted an insufficient record upon which to grant the motion for summary judgment. While the hearing did touch upon the plaintiff's underlying claims of fraudulent conveyance, conversion and conspiracy to defraud, and evidence was elicited concerning the removal of some marital furnishings to the home of Allessandro and Leonilda, the unexplained disappearance of a Porsche automobile and a Lotus automobile owned by Paul, and the conveyance of a parcel of real property from Paul to his daughter which was facilitated by Ugo, the primary areas of inquiry at the hearing concerned the whereabouts of Paul, the manner in which the funds in his trust account were being expended, and the question of whether the other defendants were planning to leave the jurisdiction. Indeed, while the plaintiff's counsel attempted to broaden the scope of the hearing on several occasions, the attorney for Allessandro, Leonilda and Ugo repeatedly objected to any attempt to explore the merits of the underlying action. The hearing court consistently sustained these objections and reminded the plaintiff's counsel that the hearing was limited in scope and he did not have "free reign" to explore matters other than those directly relevant to the attachment issue. Moreover, the plaintiff obtained no further discovery from the defendants prior to their motion for summary judgment. Inasmuch as the drastic remedy of summary judgment is appropriate only where a thorough examination of the merits clearly demonstrates the absence of any triable issue of fact *(see, Andre v Pomeroy,* 35 NY2d 361), we conclude that the award of summary judgment upon the record of the attachment hearing in this case was premature. Mollen, P. J., Rubin, Sullivan and Rosenblatt, JJ., concur.