■ RHEA SCHRAUB, Respondent, v TOWN OF HEMPSTEAD, Appellant, et al., Defendant. (And a Third-Party Action.)—In an action to recover damages for personal injuries, the defendant Town of Hempstead appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated June 23, 1989, as denied its motion for summary judgment dismissing the complaint and all cross claims against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the contentions of the defendant Town of Hempstead, we conclude that a triable issue of fact exists with respect to whether the defendant town was affirmatively negligent in laying a road patch which had cracked and settled below street level at the time the plaintiff stepped into it and injured herself. Notably, "the drastic remedy of summary judgment is appropriate only where a thorough examination of the merits clearly demonstrates the absence of any triable issues of fact" *(Piccirillo v Piccirillo,* 156 AD2d 748, 750; *see also, Andre v Pomeroy,* 35 NY2d 361; *Hantz v Fishman,* 155 AD2d 415, 416). Moreover, the parties' competing contentions must be viewed "in a light most favorable to the party opposing the motion" *(see, Lakeside Constr. v Depew & Schetter Agency,* 154 AD2d 513, 514). In support of its motion for summary judgment the town contended, *inter alia,* that the settling of the patch it laid was the result of improper construction techniques, but argued that a subcontractor who had worked on the street about six weeks earlier caused the settling by failing to properly "tamp" down backfill material which had been placed in the hole. In opposition to this contention, the subcontractor argued that it had acted properly in laying the backfill and that town employees, who last worked in the area and who actually laid the patch which settled, were responsible for any defective condition which may have resulted. In light of the parties' conflicting assertions with regard to the cause of the settling, it is our view that unresolved questions of fact exist as to whether the town was guilty of any active negligence and that the denial of its motion for summary judgment was therefore proper. Mangano, P. J., Bracken, Lawrence and Kunzeman, JJ., concur.