◼ AUDREY COLVIN et al., Appellants, v TOWN OF HUNTINGTON, Respondent, et al., Defendant.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1)

from an order of the Supreme Court, Suffolk County (Lama, J.), dated September 13, 1988, which granted the motion of the Town of Huntington for summary judgment dismissing the complaint insofar as it is asserted against it, and (2) from an order of the same court, dated January 5, 1989, which denied their motion for reargument.

Ordered that the order dated September 13, 1988, is affirmed; and it is further,

Ordered that the appeal from the order dated January 5, 1989, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the respondent is awarded one bill of costs.

Once a party requesting summary judgment has come forward with sufficient proof to warrant the awarding of such relief as a matter of law, the burden shifts to the opposing party to raise facts sufficient to require a trial on any issue of fact (see, Levitt v County of Suffolk, 145 AD2d 414). Although the movant met its burden, the plaintiffs have failed to meet their burden. It is conceded that notice was not given to the respondent town as to any defective condition and the only issue is whether the respondent made repairs at the site of the accident, thereby creating the defective condition. Neither the deposition testimony of the respondent's employee nor the affirmation of the plaintiffs' licensed professional engineer, whose opinion was based solely upon photographs of the scene and his review of the deposition of the respondent's employee, create a triable issue of fact as to whether or not the respondent town was liable for the creation of a hazardous condition in the street (see, Levitt v County of Suffolk, supra; cf., Schraub v Town of Hempstead, 167 AD2d 458; Combs v Incorporated Vil. of Freeport, 139 AD2d 688). Bracken, J. P., Lawrence, Rosenblatt and Ritter, JJ., concur.