■ EMILY RICCIUTI et al., Respondents, v VILLAGE OF TUCKA-HOE, Appellant, et al., Defendants. [609 NYS2d 54] —In an action to recover damages for personal injuries, etc., the defendant Village of Tuckahoe appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered February 4, 1992, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it and the cross claims of the defendant People's Westchester Bank.

Ordered that the order is affirmed, with costs.

The plaintiff Emily Ricciuti alleges that she sustained personal injuries when she fell over an accumulation of concrete which was negligently allowed to remain on the ground after a sidewalk repair project in the area had been completed by the defendant, Acocella Landscaping, Inc. (hereinafter Acocella), an agent of the defendant Village of Tuckahoe. Although prior written notice of this alleged defect was not provided to the Village, the plaintiffs argue that such notice was not required because the Village created the dangerous condition.

To the extent that the alleged defect was present on the

sidewalk, we note that "[t]he defendant village has a nondelegable duty to maintain its highways, of which sidewalks are a part *(see, Williams v State of New York,* 34 AD2d 101, 104; 64 NY Jur 2d, Highways, Streets, and Bridges, §§ 1, 6), in a reasonably safe condition *(see, Lopes v Rostad,* 45 NY2d 617, 623; *Blais v St. Mary's of Assumption R. C. Church,* 89 AD2d 653; *see generally,* 65 NY Jur 2d, Highways, Streets, and Bridges, § 411)" *(Combs v Incorporated Vil. of Freeport,* 139 AD2d 688, 689; *see also, Kiernan v Thompson,* 73 NY2d 840; *D'Ambrosio v City of New York,* 55 NY2d 454).

The Village does not deny that it entered into a contract with Acocella for the repair of the area in question, but denies that it or its agents created any defect. Accordingly, the Village moved for summary judgment on the ground that the plaintiffs failed to comply with the condition precedent of prior written notice, as required by both Village of Tuckahoe Law § 6-628 and CPLR 9804.

It is well-settled that "[a]n exception to the prior written notice rule exists when the municipality has caused or created a defect or dangerous condition" *(Combs v Incorporated Vil. of Freeport,* 139 AD2d 688, 689, *supra; see, Kiernan v Thompson,* 73 NY2d 840, *supra; Montante v City of Rochester,* 187 AD2d 924). In the case at bar, based upon the conflicting testimony adduced at the examinations before trial, we find that there are triable issues of fact regarding the existence of the alleged defect and whether or not the Village was responsible for its creation *(see, Combs v Incorporated Vil. of Freeport, supra,* at 689; *Schraub v Town of Hempstead,* 167 AD2d 458).

Accordingly, the Village's motion for summary judgment based upon the plaintiff's failure to comply with the requirement of prior written notice was properly denied *(see, Kiernan v Thompson, supra,* at 842). Similarly, the Supreme Court also properly denied so much of the Village's motion which sought dismissal of the cross claims asserted against it by the codefendant, People's Westchester Bank *(cf., Londino v Bank of N. Y.,* 132 AD2d 688). Miller, J. P., Copertino, Santucci and Goldstein, JJ., concur.