■ MICHAEL G. BRODY, an Infant, by His Father and Natural Guardian, MICHAEL J. BRODY, et al., Respondents, v TOWN OF BROOKHAVEN, Appellant. [615 NYS2d 739] —In an action to recover damages for personal injuries, etc., the defendant Town of Brookhaven appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated September 25, 1992, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

The infant plaintiff was injured when he fell from his bicycle when it allegedly struck a pothole or depression in the road. It is undisputed that the defendant Town of Brookhaven had previously covered this roadway with a thin liquid black-top sealant called "slurry seal". It is also undisputed that as a prerequisite to the maintenance of a lawsuit against the Town, based upon a claim of a defective roadway, the Town must have been provided with prior written notice of the defect *(see,* Town Law § 65-a; Town of Brookhaven Code § 84-1). The Town did not receive such prior written notice. Based upon that fact, the Town moved for summary judgment dismissing the complaint. The plaintiffs opposed the motion, arguing that the Town's act of applying a sealant to the road masked any underlying defective condition. Thus, the plaintiffs concluded that the Town affirmatively created the defect, and therefore, prior written notice was not required. The Supreme Court denied the motion, concluding that there is a question of fact as to whether the Town created the alleged defect in the roadway. We now reverse.

It is true that "[a]n exception to the prior written notice rule exists when the municipality has caused or created a defect or dangerous condition" *(Combs v Incorporated Vil. of Freeport,* 139 AD2d 688; *see also, Kiernan v Thompson,* 73 NY2d 840). However, in the case at bar, there is no proof that the Town's act of applying the "slurry seal" sealant to the roadway affirmatively created the pothole or depression which allegedly caused the infant plaintiff to fall from his bicycle and sustain injury. In addition, under no view of the facts

could it be said that the application of the sealant effectively masked any depression in the roadway *(see generally, Feiner v Incorporated Vil. of Farmingdale*, 168 AD2d 418).

Therefore, since the plaintiffs failed to demonstrate that there was any act of affirmative negligence on the Town's part, the necessity of prior written notice of the defect was not obviated. Accordingly, since, in the absence of the required prior written notice of defect, no civil action such as the one at bar may be sustained, the Town was entitled to summary judgment dismissing the plaintiffs' complaint *(see,* Town Law § 65-a; Town of Brookhaven Code § 84-1; *Londino v Bank of N. Y.,* 132 AD2d 688). Ritter, J. P., Pizzuto, Santucci and Altman, JJ., concur.