◼ CARLIE WOODARD et al., Appellants, v CITY OF NEW YORK et al., Respondents. [692 NYS2d 407] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Polizzi, J.), dated March 29, 1998, which granted the separate motions of the defendant New York City Transit Authority and the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

Contrary to the plaintiffs' contention, the Supreme Court properly granted the motion of the New York City Transit Authority (hereinafter the NYCTA) for summary judgment dismissing the complaint. The NYCTA had no general duty to maintain or repair the City roadway situated beneath its elevated train station, and the plaintiffs offered only speculation to support their belief that the defect in the roadway may have been caused by the NYCTA's routing of surface water from the train station to the street below (*see generally, Gomes v Courtesy Bus Co.,* 251 AD2d 625; *Valentin v Hirsch Elec. Co.,* 245 AD2d 285; *Thomas v New York City Tr. Auth.,* 194 AD2d 663). We note in this regard that the deposition testimony of a NYCTA engineer did not support the plaintiffs' theory. Moreover, the unsworn affirmation of the plaintiffs' engineering expert did not constitute competent evidence (*see,* CPLR 2106; *Rameau v King,* 245 AD2d 557; *Gill v O.N.S. Trucking,* 239 AD2d 463) and, in any event, would have been insufficient to raise a triable issue of fact (*see generally, Colvin v Town of Huntington,* 170 AD2d 644).

Similarly, summary judgment was properly awarded to the City, inasmuch as the plaintiffs failed to demonstrate that the

prior written notice requirement had been satisfied (*see,* Administrative Code of City of NY § 7-201 [c] [2]; *Katz v City of New York,* 87 NY2d 241; *Almodovar v City of New York,* 240 AD2d 523), and the record is barren of any evidence indicating that there was affirmative negligence on the part of the City which caused or contributed to the alleged defect (*see, Monteleone v Incorporated Vil. of Floral Park,* 74 NY2d 917; *Green v City of New York,* 233 AD2d 295; *Miller v City of New York,* 217 AD2d 537). Bracken, J. P., Thompson, Sullivan and Friedmann, JJ., concur.