■ BLANKA ROBERTS, Appellant, v CONSOLIDATED EDISON OF NEW YORK, INC., Defendant, and VILLAGE OF PELHAM, Respondent. [709 NYS2d 204] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered May 18, 1999, as granted that branch of the motion of the defendant Village of Pelham which was for summary judgment dismissing the complaint insofar as asserted against it and denied her cross motion, *inter alia,* pursuant to CPLR 3126 and 22 NYCRR 130-1.1 to impose sanctions against the Village of Pelham.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Village of Pelham which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff was allegedly injured while crossing the street in front of 244 Pelhamdale Avenue in the Village of Pelham, when she slipped and fell due to an uneven condition of the street. The Village made out a prima facie case of its entitlement to judgment as a matter of law. However, the affidavit of the plaintiff's expert, which was based upon facts in the record, *inter alia,* deposition testimony, photographs, and maps (*see, Cassano v Hagstrom,* 5 NY2d 643), raised a triable issue of fact as to whether the Village created the defect or had actual or constructive notice of the defect.

The uneven condition was located directly over one of the Village's underground pipes. Moreover, the curb and sidewalk in front of 244 Pelhamdale Avenue were undisturbed, and the plaintiff's expert stated that this indicated that no work had been performed with regard to the house in the vicinity of the defect. In addition, Consolidated Edison of New York, Inc. (hereinafter Con Ed), which also had underground pipes near the uneven condition, is required to obtain a permit to cut open the street to fix its pipes, yet the Village could not produce evidence that Con Ed cut open the street in front of 244 Pelhamdale Avenue.

The plaintiff's cross motion to impose sanctions upon the Vil-

lage was properly denied. There was no evidence that the Village's practice of routinely destroying its work records was either spoliation or an effort to frustrate discovery in any actual or contemplated litigation (*cf., Kirkland v New York City Hous. Auth.*, 236 AD2d 170). O'Brien, J. P., Joy, Florio and H. Miller, JJ., concur.