■ DENISE KUPFER, Respondent, v VILLAGE OF BRIARCLIFF MANOR, Appellant. [732 NYS2d 885] —In an action to recover

damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (La Cava, J.), entered May 14, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff tripped and fell on an allegedly uneven and depressed brick sinkhole in the sidewalk in the business district in the appellant Village of Briarcliff Manor. The plaintiff alleged in her complaint that the Village had prior written notice of the alleged defect and had created the defective condition when it hired a contractor to install the sidewalk.

In support of its motion for summary judgment, the Village presented undisputed evidence to establish that it had no prior written notice, as required pursuant to CPLR 9804 and Village Law § 6-628, of the existence of an allegedly defective condition in the specific location where the plaintiff tripped (*see, Amabile v City of Buffalo,* 93 NY2d 471). It is a well-settled exception to that rule, however, that no prior written notice of a defective or dangerous condition is necessary where the municipality caused or created the condition (*see, Kiernan v Thompson,* 73 NY2d 840; *Ricciuti v Village of Tuckahoe,* 202 AD2d 488). In the present case, the plaintiff presented sufficient evidence to raise triable issues of fact regarding the existence of the alleged defect and whether or not the Village was responsible for its creation (*see, Ricciuti v Village of Tuckahoe, supra; Combs v Incorporated Vil. of Freeport,* 139 AD2d 688). Accordingly, the Supreme Court properly denied the Village's motion for summary judgment.

The appellant's remaining contentions are without merit. Bracken, P. J., Krausman, Luciano, Smith and Adams, JJ., concur.