■ MICHAEL SCHUMAN et al., Appellants, v CITY OF NEW YORK et al., Respondents. [757 NYS2d 608] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated June 3, 2002, which granted that branch of the cross motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York is denied, and the complaint is reinstated insofar as asserted against that defendant.

On November 23, 1998, the plaintiff Michael Schuman (hereinafter the plaintiff) allegedly was injured when he fell while walking on a sidewalk adjacent to 1568 48th Street, in Brooklyn. The plaintiff claimed that he fell in a square three-feet by three-feet hole, adjacent to the curb. He and his wife commenced this action against the defendant City of New York,

and the abutting property owners, the defendants Moses Blau and Etta Blau, alleging, inter alia, that the defendants "caused and created" the defective condition. At her deposition, Etta Blau testified that "up until November of 1998," a parking sign "from the City" was placed in the location of the accident. Subsequently, the Blaus moved to strike the City's answer for failure to provide discovery regarding the City's installation, maintenance, and/or existence of signs on the curb or sidewalk at the location of the plaintiff's accident. The City cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted that branch of the cross motion and we reverse.

"It is true that '[a]n exception to the prior written notice rule exists when the municipality caused or created a defect or dangerous condition'" (*Brody v Town of Brookhaven*, 207 AD2d 425 [1994] quoting *Combs v Incorporated Vil. of Freeport*, 139 AD2d 688 [1988]; *see also Kiernan v Thompson*, 73 NY2d 840 [1988]; *Zinno v City of New York*, 160 AD2d 795 [1990]). Here, the City failed to make a prima facie showing of entitlement to judgment as a matter of law with regard to whether it caused or created the alleged defect (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court should have denied that branch of the City's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. Altman, J.P., Krausman, Luciano and Rivera, JJ., concur.