■ STEPHANIE CABRERA et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendants. [803 NYS2d 584]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (LeVine, J.), dated November 17, 2003, which granted the cross motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it, and denied, as academic, their motion to restore the matter to the trial calendar.

Ordered that the order is reversed, on the law, with costs, the cross motion is denied, and the matter is remitted to the Supreme Court, Queens County, for a determination of the plaintiffs' motion.

The infant plaintiff allegedly tripped and fell on a piece of metal pipe which protruded from the ground while roller skating in Flushing Meadows Corona Park, and sustained personal injuries. Thereafter, the plaintiffs commenced a personal injury action against, among others, the City of New York, alleging that the City created the defective condition. After the case was struck from the trial calendar, the plaintiff moved to restore the matter to the calendar, and the City cross-moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not have notice of nor did it create the defective condition.

"Pursuant to Administrative Code of the City of New York § 7-201 (c) (2), a plaintiff must plead and prove that the City had prior written notice of a street defect before it can be held liable for its alleged negligence in failing to maintain its streets in a reasonably safe condition" (*Estrada v City of New York,* 273 AD2d 194 [2000]). It is undisputed that the City had no prior written notice of the alleged defect. However, prior written notice is not required if the defendant caused or created the alleged defect (*see Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]; *Ovisinak v Town of Southold,* 277 AD2d 295 [2000]; *Gormley v County of Nassau,* 150 AD2d 342 [1989]).

In support of its cross motion, the City annexed the deposition transcript of a former parks supervisor who testified that the City or contractors employed by the City performed construction work in the area where the plaintiff fell. Further, the former parks supervisor testified that certain records indicated that, before the accident, the City removed a pole that protruded from the ground, although the former parks supervisor could not identify the precise location of the pole.

This testimony raised a triable issue of fact as to whether the City caused or created the allegedly defective condition. Therefore, the City failed to demonstrate its prima facie entitlement to judgment as a matter of law with respect to whether it caused or created the alleged defect (*see Schuman v City of New York,* 304 AD2d 643 [2003]; *see also Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

Accordingly, the Supreme Court erred in granting summary judgment to the City, and in denying, as academic, the plaintiff's motion to restore the case to the trial calendar. In light of the foregoing, we remit the matter to the Supreme Court, Queens County, to determine the plaintiffs' motion to restore. Cozier, J.P., S. Miller, Mastro and Rivera, JJ., concur.