MARGARET LIBRIZZI, Respondent, v TOWN OF HUNTINGTON, Appellant. [826 NYS2d 117]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Molia, J.), entered May 2, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In the instant action, the plaintiff seeks to recover damages allegedly sustained when she tripped as her shoe became caught in a pavement indentation on the roadway in front of 6 Denton Court in the Town of Huntington. Denton Court is a one-block street 370 feet long and 33 feet wide.

The Town moved for summary judgment dismissing the action on the ground that it had not received prior written notice of the defect, as required by former Huntington Town Code § 173-18. In support of its motion for summary judgment, the Town acknowledged that a "recognized exception to the prior written notice requirement is that the TOWN actually created the alleged defect" (*see Gerena v Town of Brookhaven*, 280 AD2d 450 [2001]), and further acknowledged that the Town repaired potholes on Denton Court at various times up until the day of the accident. In support of the motion, it submitted records indicating that the Town repaired potholes on Denton Court less than 10 days before the accident and on the day of the accident itself. The Town claimed that none of its records "indicate the specific location or nature of any of the potholes or indentations that were repaired." The Town submitted the deposition testimony of its highway project assistant who testified that town employees performed the repairs and the best person to answer questions about specific potholes would be the general foreman.

Contrary to the plaintiff's argument, the Town's records of repairs do not satisfy the prior written notice requirement (*see Wilkie v Town of Huntington*, 29 AD3d 898 [2006]). However, under the circumstances of this case, the Town's submissions raised a triable issue of fact as to whether the Town caused or created the allegedly dangerous condition (*see Cabrera v City of New York*, 21 AD3d 1047, 1048 [2005]). Therefore, the Town failed to establish its entitlement to judgment as a matter of law. Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Miller, J.P., Goldstein, Skelos and Fisher, JJ., concur.