■ JOSEPHINE TUMMINIA, Appellant, v CRUZ CONSTRUCTION CORP. et al., Respondents. [837 NYS2d 332]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Richmond County (Mega, J.), dated July 18, 2006, as denied her motion for leave to reargue her prior motion, in effect, to compel the production of additional witnesses for examinations before trial, and granted the cross motion of the defendant City of

New York for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the appeal from so much of the order as denied the plaintiff's motion for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, and the cross motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it is denied; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

As the defendant City of New York properly concedes, the Supreme Court should not have granted its cross motion for summary judgment dismissing the complaint insofar as asserted against it upon the ground that it had no prior written notice of the defect which caused the plaintiff's fall. Although the City generally may not be held liable for a defective condition on a municipal street or sidewalk unless it has received prior written notice (*see* Administrative Code of the City of New York § 7-201 [c]; *Katz v City of New York,* 87 NY2d 241 [1995]), an exception to the prior written notice requirement applies where a municipality has created the defect through an affirmative act of negligence (*see Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]). Here, in light of the Supreme Court's unchallenged determination that an issue of fact exists as to whether a contractor hired by the City created the subject defect during the course of a sewer installation project, there is also an issue of fact as to whether the City created the defect through its contractor's actions, and thus whether the affirmative negligence exception to the prior written notice rule applies (*see Cabrera v City of New York,* 21 AD3d 1047 [2005]; *Kupfer v Village of Briarcliff Manor,* 288 AD2d 269 [2001]; *Ricciuti v Village of Tuckahoe,* 202 AD2d 488 [1994]; *Combs v Incorporated Vil. of Freeport,* 139 AD2d 688 [1988]). Miller, J.P., Mastro, Krausman and Carni, JJ., concur.