■ STACEY ANN HILL et al., Respondents, v FENCE MAN, INC., Respondent-Appellant, and TOWN OF HUNTINGTON et al., Appellants-Respondents. [912 NYS2d 93]—

In an action to recover damages for personal injuries, etc., the defendants Town of Huntington and Town of Huntington Highway Department appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Suffolk County (Pines, J.), entered December 22, 2008, as denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them and (2) so much of an order of the same court dated July 22, 2009, as denied that branch of their motion which was denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue that branch of their prior cross motion which was for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Fence Man, Inc., cross-appeals, as limited by its brief, from so much of the order dated July 22, 2009, as granted that branch of the motion of the defendants Town of Huntington and Town of Huntington Highway Department which was denominated as one for leave to renew and reargue, but which was, in actuality one for leave to reargue their opposition to its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and, upon reargument, vacated the determination in the order entered December 22, 2008, granting its motion, and thereupon denied its motion.

Ordered that the order entered December 22, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order dated July 22, 2009, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated July 22, 2009, is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, payable by the defendants Town of Huntington and Town of Huntington Highway Department, and one bill of costs is awarded to the defendants Town of Huntington and Town of Huntington Highway Department, payable by the defendant Fence Man, Inc.

On April 28, 2006, the injured plaintiff, Stacey Ann Hill, allegedly slipped and fell on a strip of white, reflective paint, constituting the stop line at the intersection of Dickinson Avenue and Dawn Drive in East Northport. The stop line had been painted on the day prior to the accident by the defendant Fence Man, Inc. (hereinafter Fence Man), a contractor hired by the defendants Town of Huntington and Town of Huntington Highway Department (hereinafter together the Town) for various pave-

ment marking projects. The plaintiffs commenced this action against both the Town and Fence Man, alleging negligence in the painting of the stop line. Fence Man moved and the Town cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court, in an order entered December 22, 2008, granted Fence Man's motion, but denied the Town's cross motion. In an order dated July 22, 2009, the Supreme Court denied that branch of the Town's motion, denominated as one for leave to renew and reargue, but which was, in actuality, for leave to reargue that branch of the Town's prior cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. In the same order, the Supreme Court granted the Town leave to reargue its opposition to Fence Man's prior motion, and thereupon denied that branch of Fence Man's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Town appeals from the order entered December 22, 2008. The Town appeals, and Fence Man cross-appeals, from the portions of the order made upon reargument that were adverse to each of them, respectively.

The Town conclusively established that no prior written notice of the alleged dangerous condition was ever provided to it, as required by local law (*see* Town Code of Town of Huntington § 174-3 [A]; § 174-5; *Yarborough v City of New York*, 10 NY3d 726, 727 [2008]; *Kiszenik v Town of Huntington*, 70 AD3d 1007 [2010]). However, the Town failed to meet its burden of establishing its prima facie entitlement to judgment as a matter of law because its submissions failed to eliminate all triable issues of fact as to whether Fence Man, as its agent, caused or created the allegedly dangerous condition, for which the Town may be liable based upon its nondelegable duty to keep the street in a reasonably safe condition (*see Lopes v Rostad*, 45 NY2d 617, 623 [1978]; *Tumminia v Cruz Constr. Corp.*, 41 AD3d 585 [2007]; *Librizzi v Town of Huntington*, 34 AD3d 755 [2006]; *Cabrera v City of New York*, 21 AD3d 1047, 1048 [2005]; *Kupfer v Village of Briarcliff Manor*, 288 AD2d 269 [2001]; *Ricciuti v Village of Tuckahoe*, 202 AD2d 488 [1994]; *Matteucci v County of Nassau*, 274 AD2d 422 [2000]; *Combs v Incorporated Vil. of Freeport*, 139 AD2d 688, 689 [1988]).

Since the Town failed to establish its entitlement to judgment as a matter of law, it is not necessary to consider the sufficiency of the plaintiffs' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Cabrera v City of New York*, 21 AD3d

at 1048; *Combs v Incorporated Vil. of Freeport*, 139 AD2d at 689). Accordingly, the Supreme Court properly denied that branch of the Town's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Fence Man failed to meet its burden of proving its prima facie entitlement to judgment as a matter of law because, even though contractual obligations alone will not subject a contractor to tort liability as to a third party (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]), Fence Man's submissions failed to eliminate all triable issues of fact as to whether, in allegedly failing to exercise reasonable care in the performance of its duties, it launched a force or instrument of harm, and thereby potentially subjected itself to liability to the plaintiffs (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 140; *George v Marshalls of MA, Inc.*, 61 AD3d 925 [2009]) and to the Town. Since the Supreme Court initially overlooked this basis for Fence Man's potential liability to the plaintiffs, all of the parties waived any objection to the Town's standing to oppose or reargue its opposition to that branch of Fence Man's initial motion which was for summary judgment dismissing the complaint insofar as asserted against Fence Man, and Fence Man may be liable to the Town for contribution regardless of the extent of the duty it owed directly to the plaintiffs, the Supreme Court properly granted the Town leave to reargue its opposition to Fence Man's initial motion (*see* CPLR 2221 [d]).

Since Fence Man failed to establish its entitlement to judgment as a matter of law it is not necessary to consider the sufficiency of the opposition papers submitted by the plaintiffs or the Town in connection with Fence Man's initial motion (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Mosca v OCE Holding, Inc.*, 71 AD3d 1103 [2010]; *Cooper v American Carpet & Restoration Servs., Inc.*, 69 AD3d 552, 553 [2010]). Accordingly, upon reargument, the Supreme Court properly denied Fence Man's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

The parties' remaining contentions are without merit. Skelos, J.P., Eng, Belen and Hall, JJ., concur.