■ JOHN NIEVES, Jr., Appellant, v CITY OF NEW YORK, Respondent. [928 NYS2d 591]—

The Supreme Court correctly granted that branch of the motion of the defendant, City of New York, which was pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law. It is not disputed that the City did not receive prior written notice of the alleged defective condition in the roadway (*see* Administrative Code of City of NY § 7-201 [c] [2]) and, thus, the plaintiff sought to establish the City's liability under the affirmative negligence exception to that rule for work performed by the City which immediately results in the existence of the dangerous condition (*see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *Oboler v City of New York*, 8 NY3d 888, 889-890 [2007]; *Richards v Incorporated Vil. of Rockville Ctr.*, 80 AD3d 594, 594-595 [2011]). However, the plaintiff failed to provide any evidence to establish when the City's alleged repair work was undertaken, and the plaintiff did not provide any evidence tending to show that the alleged repair work immediately resulted in a dangerous condition. Accordingly, there was no "valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Mirand v City of New York*, 84 NY2d 44, 48-49 [1994]). Angiolillo, J.P., Balkin, Dickerson and Cohen, JJ., concur. **[Prior Case History: 27 Misc 3d 1237(A), 2010 NY Slip Op 51083(U).]**