ROBERT LARACUENTE, Respondent, v CITY OF NEW YORK, Appellant, and KIM M. YOHAN, Respondent. [961 NYS2d 527]—

In an action to recover damages for wrongful death, etc., the defendant City of New York appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), dated June 28, 2011, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff alleges that at approximately 4:45 a.m. on September 28, 2005, his decedent, while walking across the Horace Harding Expressway, a service road along the Long Island Expressway, near the intersection with Springfield Boulevard, was struck and killed by a vehicle operated by the defendant Kim M. Yohan. Thereafter, the plaintiff commenced this action against Yohan and the City of New York, alleging, inter alia, that the City had affirmatively created a dangerous condition consisting of a curved section of fence erected alongside the roadway that was a proximate cause of the accident. The Supreme Court denied the City's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Where, as here, a municipality has enacted a prior written notice statute, it may not be subject to liability for personal injuries caused by a defective street or sidewalk condition absent proof of prior written notice or an exception thereto (*see Poirier v City of Schenectady*, 85 NY2d 310, 313 [1995]). "The Court of Appeals has recognized two exceptions to this rule, 'namely, where the locality created the defect or hazard through an affirmative act of negligence [and] where a "special use" confers a special benefit upon the locality' " (*Katsoudas v City of New York*, 29 AD3d 740, 741 [2006], quoting *Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]).

The affirmative creation exception "[is] limited to work by the City that *immediately* results in the existence of a dangerous condition" (*Oboler v City of New York*, 8 NY3d 888, 889 [2007] [internal quotation marks omitted]). Thus, while the eventual emergence of a dangerous condition as a result of wear and tear and environmental factors does not constitute an affir-

mative act of negligence (*see Yarborough v City of New York*, 10 NY3d 726 [2008]), where, as here, the allegedly dangerous condition would have been immediately apparent, the affirmative creation exception applies (*see San Marco v Village/Town of Mount Kisco*, 16 NY3d 111 [2010]; *Roberts v Consolidated Edison of N.Y.*, 273 AD2d 369 [2000]; *cf. Oboler v City of New York*, 8 NY3d 888 [2007]; *Nieves v City of New York*, 87 AD3d 684 [2011]).

Here, the City established, prima facie, that it did not have prior written notice of any defective or dangerous condition in the portion of fence that allegedly was a proximate cause of the decedent's accident. In opposition to the City's motion, however, the plaintiff and Yohan raised triable issues of fact with respect to whether the City was the party responsible for affirmatively creating this alleged condition (*see Roberts v Consolidated Edison of N.Y.*, 273 AD2d 369 [2000]).

The parties' remaining contentions either are without merit or are improperly raised for the first time on appeal.

Accordingly, the Supreme Court properly denied the City's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Dillon, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur. **[Prior Case History: 2011 NY Slip Op 33279(U).]**