■ FLORENCE SALIERNO, Respondent, v CITY OF MOUNT VERNON et al., Appellants. [966 NYS2d 901]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Walker, J.), entered September 17, 2012, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained street or sidewalk unless it has received written notice of the defect, or an exception to the written notice requirement applies (*see Amabile v City of Buf-*

*falo*, 93 NY2d 471, 474 [1999]; *Carlucci v Village of Scarsdale*, 104 AD3d 797 [2013]; *Miller v Village of E. Hampton*, 98 AD3d 1007, 1008 [2012]). "Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it" (*Miller v Village of E. Hampton*, 98 AD3d at 1008; *see Amabile v City of Buffalo*, 93 NY2d at 474; *Braver v Village of Cedarhurst*, 94 AD3d 933, 934 [2012]). If one of these recognized exceptions applies, the written notice requirement is obviated (*see Groninger v Village of Mamaroneck*, 17 NY3d 125, 127 [2011]).

The defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that the defendant City of Mount Vernon did not have prior written notice of, or create, the defective or dangerous condition that allegedly caused the plaintiff's accident (*see Romano v Village of Mamaroneck*, 100 AD3d 854 [2012]; *Cuebas v City of Yonkers*, 97 AD3d 779, 780 [2012]). In opposition, the plaintiff raised a triable issue of fact with respect to whether the City of Mount Vernon affirmatively created the dangerous condition that caused her accident (*see Laracuente v City of New York*, 104 AD3d 822 [2013]; *Anderson v CD Fleetwood Assoc., LLC*, 82 AD3d 689, 689 [2011]; *Danis v Incorporated Vil. of Atl. Beach*, 74 AD3d 1273, 1274 [2010]). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.

The defendants' remaining contention, that the defect was trivial and therefore not actionable, is raised for the first time on appeal, and thus, is not properly before this Court. Rivera, J.P., Skelos, Chambers and Austin, JJ., concur.