*947 In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), dated October 3, 2012, which denied its motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff commenced this action after he allegedly fell and sustained injuries as a result of a defective condition in the sidewalk abutting his residence. The defendant moved for summary judgment dismissing the complaint, arguing, inter alia, that it did not receive prior written notice of the alleged defect in the sidewalk, and that it did not create the defective condition. The Supreme Court denied the defendant’s motion.
Where, as here, a municipality has enacted a prior written notice statute, it may not be subject to liability for personal injuries caused by a defective street or sidewalk condition unless it has received prior written notice of the defect, or an exception to the written notice requirement applies (see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]; Salierno v City of Mount Vernon, 107 AD3d 971, 971-972 [2013]; Laracuente v City of New York, 104 AD3d 822, 822 [2013]). The Court of Appeals has recognized only two exceptions to this rule, “namely, where the locality created the defect or hazard through an affirmative act of negligence and where a ‘special use’ confers a special benefit upon the locality” (Amabile v City of Buffalo, 93 NY2d at 474; see Laracuente v City of New York, 104 AD3d at 822; Katsoudas v City of New York, 29 AD3d 740, 741 [2006]).
Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law, as its submissions raised a triable issue of fact as to whether it created the allegedly defective sidewalk condition that caused the plaintiff’s accident through an affirmative act of negligence (see Kiernan v Thompson, 73 NY2d 840, 841-842 [1988]; Cabrera v City of New York, 21 AD3d 1047, 1048 [2005]; Ricciuti v Village of Tuckahoe, 202 AD2d 488, 488-489 [1994]).
The defendant’s remaining contentions are either without merit or not properly before this Court.
Since the defendant failed to sustain its prima facie burden, we need not review the sufficiency of the plaintiffs opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Accordingly, the Supreme Court properly denied the defendant’s motion for summary judgment dismissing the complaint.
Skelos, J.E, Lott, Roman and Cohen, JJ., concur.