GILDA VIRGA et al., Respondents, v. ELIZABETH CERVIERI et al., Appellants, and FRED SCOTT, Respondent.— Action to recover damages for personal injuries sustained by plaintiff Gilda Virga as the result of a fall on the sidewalk abutting defendant Cervieri's property in the village of Suffern, Rockland County, New York, and by her husband for medical expenses and loss of services. The complaint alleged that defendants Nappo were employed and supervised by Cervieri, the owner, and Scott, a lessee not yet in possession, in making a trench for a new water service pipe into the building made necessary by the latter's launderette therein, and that the accident resulted from the negligent manner in which the excavation had been backfilled. Cervieri cross-complained against defendant Scott and defendants Nappo. After trial, upon the verdict of a jury, judgment was entered in favor of the plaintiffs and against defendants Cervieri and Nappo, and dismissing the complaint as to the defendant Scott. The judgment further provides that, upon her cross complaint, the defendant Cervieri recover against the defendants Nappo, and that said cross complaint be dismissed as to the defendant Scott. Defendants Nappo appeal from the judgment insofar as it is in favor of plaintiffs and insofar as it dismisses the complaint of the plaintiffs against the defendant Scott, and defendant Cervieri appeals from those parts thereof in favor of plaintiffs against her and dismissing her cross complaint against defendant Scott. Judgment insofar as it dismisses defendant Cervieri's cross complaint against defendant Scott unanimously affirmed, with costs to defendant Scott against defendant Cervieri. Judgment insofar as it is in favor of plaintiffs against defendant Cervieri and in favor of defendant Cervieri against defendants Nappo reversed on the law and the facts and complaint as against defendant Cervieri and cross complaint as against defendants Nappo dismissed, with costs to defendant Cervieri against plaintiffs and without costs to defend-

ants Nappo. Judgment insofar as it is in favor of plaintiffs against defendants Nappo reversed on the facts, the action severed and a new trial granted as to said defendants, with costs to abide the event. The proof showed that, pursuant to custom, the work had been done by defendants Nappo under a contract with the village, and under the supervision of its employees; that the village had not issued a permit to a property owner to do such work for at least eighteen years prior to this accident; that defendant Cervieri had no control over the work or the right to determine its control; and that the only connection defendant Scott had with the job was that he paid for it. In the circumstances, neither Cervieri nor Scott owed any duty of care towards plaintiffs herein. Upon the record herein, the judgment in favor of plaintiffs against defendants Nappo was contrary to the weight of the evidence. Appeal by defendants Nappo from the judgment insofar as it dismisses the complaint against defendant Scott dismissed, without costs. (*Nekris* v. *Yellen*, 302 N. Y. 626; *Hilton* v. *Steinman*, 276 App. Div. 1089.) Nolan, P. J., Adel, Wenzel, Schmidt and Murphy, JJ., concur.