VINCENT INTINTOLI, an Infant, by RALPH INTINTOLI, His Father, et al., Respondents, v. PIERRE PELLATON APARTMENTS, INC., Appellant, and LONG ISLAND LIGHTING Co., Respondent.—

No opinion. Hopkins, Acting P. J., Latham and Benjamin, JJ., concur; Martuscello, J., dissents in part and votes to modify the judgment by striking therefrom so much as is in favor of plaintiffs against defendant Pierre Pellaton Apartments, Inc., and by substituting therefor a provision dismissing plaintiffs' complaint as to that defendant, with the following memorandum, in which Brennan, J., concurs: Defendant Pierre Pellaton Apartments, Inc., owned realty which abutted approximately 200 feet on Main Street in the Village of Baxter Estates. While Pellaton was constructing an apartment house on the realty, defendant Long Island Lighting Company tore up the entire public sidewalk in front of the property in order to place its utility lines and conduits beneath ground level. The work was performed from October 7, 1964 until its completion on October 23, 1964. Upon its completion, the lighting company filled in the excavation, but did not replace the concrete pavement. The infant plaintiff, a 13-year-old boy at the time of the accident, testified that he was injured on November 3, 1964, when he rode his bicycle over the filled-in dirt area in front of the subject property. He had walked over the area several days before the accident and was familiar with its basic condition. After traversing the first 100 feet on his bicycle without difficulty, he swerved the bicycle to the left, allegedly to avoid loose dirt, pebbles, small rocks and ruts. The ruts had apparently been caused by Pellaton's own trucks

as they crossed the dirt sidewalk area and entered the property. As this plaintiff veered, his bicycle slipped out from under him, causing him to fall and sustain injury. The charge to the jury, in my opinion, was unclear as to the basis for imposing a duty on the owner, Pellaton, to maintain the sidewalk in a safe condition. The resulting work product of the lighting company, in building the utility conduits to serve Pellaton's apartment house, does not constitute such a benefit as to impose a duty on Pellaton to maintain the sidewalk in a safe condition (*Virga* v. *Cervieri*, 283 App. Div. 961, affd. 308 N. Y. 702). Even if such a duty were to be imposed on Pellaton by virtue of the special use of the sidewalk area by its own trucks which were carrying supplies to the property, it would be limited to the maintenance of the sidewalk in a safe condition for its normal use, by pedestrians and not by bicyclists (*Roberto* v. *City of New York*, 35 A D 2d 782; *Levy* v. *City of New York*, 255 App. Div. 857, affd. 280 N. Y. 637; *Hart* v. *Town of Brookhaven*, 261 App. Div. 923). The existence of dirt, small pebbles and ruts, which allegedly caused the infant plaintiff to veer his bicycle and fall, did not constitute a dangerous condition which would interfere with the normal use of the sidewalk by pedestrians. Moreover, even if such a condition presented a foreseeable danger of injury to a bicyclist, thereby imposing a duty of care on the property owner, the infant plaintiff should similarly be charged with contributory negligence in violating section 1907 of the former Penal Law and in riding over the area after having walked over it and seen the condition of the sidewalk several days before the accident occurred.