■ ALAN P. STEWART et al., Appellants, v JAY DEE TRANSPORTATION, INC., et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Gurahian, J.), entered January 17, 1986, which is in favor of the defendants and against them, upon a jury verdict.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, and a new trial is granted, with costs to abide the event.

The plaintiff, Alan P. Stewart, was injured when his car collided with the side of a school bus at a "T" intersection on a highway. Stewart, who was returning from work, was traveling southbound on the highway. The school bus, which was being driven by the defendant Moore, had been traveling in a northerly direction on the highway and was making a left turn onto a local road that formed the intersection with the highway (Route 106) when it was hit by the Stewart vehicle. Moore, who had regularly been making the left turn at the intersection for the two preceding years, testified on a number of occasions, both at trial and during an examination before trial, that there was a traffic light governing traffic turning onto the local road and that the light was green for cars turning onto the local road and red for southbound cars on Route 106 when he entered the intersection. There was,

however, substantial photographic evidence that no light faced the northbound traffic turning westbound onto the local road. When shown photographs of the intersection depicting that fact, Moore asserted that the photographs were either "turned around", or taken at a different angle, or that the traffic light had been blown by the wind. When directly confronted by the plaintiffs' counsel with the fact that there was no light facing traffic turning onto the local road, Moore stated that this was. "news" to him. Two disinterested eyewitnesses testified that the light had turned to yellow for Stewart as he moved into the intersection, and as the bus began to move through the intersection.

Under the circumstances of this case, we find that the jury could not have reached a verdict in favor of the defendants based on any fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129). Accordingly, we conclude that the verdict was against the weight of the evidence and that a new trial is necessary. We also note that at the new trial, under this factual posture, the court should charge the jury as to the provisions of Vehicle and Traffic Law § 1141 (vehicle turning left) (see, e.g., Kazales v Minto Leasing, 61 AD2d 1039). Mollen, P. J., Brown, Rubin and Spatt, JJ., concur.