■ JOHN BARCHELLA, Respondent, v ELIZABETH MOSER, Appellant.—In a negligence action to recover damages for per-

sonal injuries, the defendant appeals from a judgment of the Supreme Court, Westchester County (Miller, J.), entered August 12, 1988, which, upon jury verdict finding her 90% at fault in the happening of the accident and finding that the plaintiff suffered total damages of $275,000, is in favor of the plaintiff and against her in the principal sum of $247,500.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to decrease the verdict as to damages from the sum of $275,000 to $175,000, and the net award of damages to the plaintiff from the sum of $247,500 to $157,500 ($175,000 less 10%, representing his share of the fault) and to the entry of an amended judgment in the principal sum of $157,500 accordingly. In the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

On August 5, 1982, at approximately 5:00 P.M. the plaintiff was bicycling eastbound on Westchester Avenue, in Port Chester, New York. At the same time, the defendant was operating her automobile westbound on the same thoroughfare. The plaintiff's bicycle and the defendant's vehicle collided. After a trial, the jury returned a verdict finding plaintiff 10% at fault in the happening of the accident, and finding the defendant 90% at fault. The jury found that the plaintiff suffered damages amounting to $275,000. On appeal, the defendant urges, among other things, that the verdict is against the weight of the evidence, and that the damage award is excessive.

We find no reason to disturb the verdict on the issue of liability. It is well established that a jury verdict should not be set aside unless the jury could not have reached it on any fair interpretation of the evidence (see, Stewart v Jay Dee Transp., 137 AD2d 517; Nicastro v Park, 113 AD2d 129). Contrary to the defendant's contentions, the evidence adduced at the trial clearly supports the verdict. It was undisputed that at the time of impact, the defendant's vehicle was partially in the opposite lane of traffic. Furthermore, the defendant testified that she saw the bicycle when she was at least 70 feet away. The plaintiff, in turn, testified that he saw the defendant's car when he was only 15 feet away, immediately applied his

brakes, but was unable to avoid an impact. In light of the foregoing testimony, the jury's resolution of the factual issues in the plaintiff's favor was based upon a fair interpretation of the evidence, and we find no reason to disturb it *(see, Sternemann v Langs,* 93 AD2d 819).

The defendant further assigns error to the trial court's charge with respect to the apportionment of damages. In this regard, she claims that it was error to instruct the jury to distinguish between the amount awarded for pain and suffering, and the amount allotted to the permanent effect of the injuries sustained. At the outset, we note that no objection was made to any part of the charge and, therefore, this claim is not preserved for review as a matter of law. In any event, upon review in the exercise of our discretion, we find this portion of the charge to be entirely proper *(cf., McDougald v Garber,* 73 NY2d 246).

Finally, under the particular facts and circumstances of this case, the award of damages shocks the conscience of the court, and was excessive to the extent indicated. Mollen, P. J., Rubin, Sullivan and Rosenblatt, JJ., concur.