■ SYLVIA HERZFELD, Respondent, v INCORPORATED VILLAGE OF CEDARHURST et al., Respondents, and 110 WASHINGTON ASSOCIATES, Appellant.—In a negligence action to recover damages for personal injuries, the defendant 110 Washington Associates appeals from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated August 30, 1989, as denied its cross motion for summary judgment dismissing the complaint and cross claims asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint and all cross claims against the defendant 110 Washington Associates are dismissed, and the action against the remaining defendants is severed.

The plaintiff was injured when she tripped and fell over a defect in the roadway in front of the appellant's premises. The complaint alleges that the defendants Long Island Lighting Company and Long Island Water Corporation opened the roadway in front of the appellant's premises for the purpose of connecting utility services to those premises, and that they failed to properly repair the roadway. The appellant was named as a defendant on the theory that it had "derived a specific use and/or benefit by virtue of the aforesaid opening of the public roadway".

The appellant moved for summary judgment dismissing the complaint and cross claims asserted against it on the grounds that the plaintiff fell in a public street for which the appellant is not responsible, and that it never performed any work on that street or requested anyone else (including the utility companies) to do so. The Supreme Court denied the appel-

lant's motion, finding that a question of fact existed as to whether it derived a "specific use and/or benefit by virtue of the opening in the public roadway". We now reverse.

The "special benefit" rule "allows a municipality, charged with the duty of maintaining its sidewalks in a reasonably safe condition, to shift liability to the abutting landowner, where the cause of plaintiff's injuries is the failure of the landowner to reasonably maintain a sidewalk installation constructed for the special use and benefit of his property" (D'Ambrosio v City of New York, 55 NY2d 454, 457).

Here, regardless of whether the work being performed in the street was for the appellant's benefit, it had not requested that any work be done, and it had neither control over the street in which the plaintiff was injured nor authority to correct the defect. Accordingly, the appellant should have been awarded summary judgment (see, e.g., Virga v Cervieri, 283 App Div 961, affd 308 NY 702; Ohrt v City of Buffalo, 281 App Div 344). Thompson, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.