■ MARIE C. HYPPOLITE et al., Respondents, v MARIE V. GUERRIER, Respondent, and IVAN ESKENAZIE et al., as Administrators of the Estate of HARRY ESKENAZIE, Also Known as ANDRE ESKENAZIE, Deceased, Appellants. [648 NYS2d 166] —In an action to recover damages for personal injuries, etc., the defendants Ivan and Marlene Eskenazie, as Administrators of the Estate of Harry Eskenazie, a/k/a Andre Eskenazie, appeal from an order of the Supreme Court, Kings County (Feinberg, J.), dated October 19, 1995, which, upon a jury verdict in their favor on the issue of liability, granted the plaintiffs' motion to set aside the verdict and directed a new trial.

Ordered that the order is affirmed, with costs.

The plaintiffs were passengers in a livery cab owned by one of the defendants, Marie Guerrier. They were injured when the cab collided with a car driven by Harry Eskenazie. Only the plaintiffs testified at trial. The evidence clearly established that the cab in which the plaintiffs were seated was proceeding eastbound on Linden Blvd. as it approached the intersection with New Jersey Avenue and entered the intersection with the

green light. The cab then collided with the Eskenazie car, which had been traveling westbound on Linden Blvd. before making a left-hand turn onto New Jersey Avenue, crossing in front of the cab. The jury found that the driver of the Guerrier vehicle was negligent and that this negligence was a proximate cause of the accident, and further found that the Eskenazie vehicle was not negligent.

We agree with the Supreme Court that this verdict was against the weight of the evidence. The record clearly established that the Eskenazie vehicle made a left-hand turn at the intersection, without yielding the right of way to the Guerrier cab, in violation of Vehicle and Traffic Law § 1141. Under the circumstances the finding that the Eskenazie vehicle was not negligent cannot be sustained (*see, Stewart v Jay Dee Transp.,* 137 AD2d 517; *Hamby v Bonventre,* 36 AD2d 648, 649), even if the driver of the Guerrier cab contributed to the accident (*see, Pickard v Koenigstreuter,* 70 AD2d 693, 694).

We have reviewed the appellants' remaining contentions and find that they are without merit. O'Brien, J. P., Copertino, Santucci and Luciano, JJ., concur.