■ SANDRA MAYER, Appellant, v TOWN OF BROOKHAVEN et al., Respondents. [698 NYS2d 312] —In an action to recover dam-

ages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 17, 1998, which granted the defendants' motion for summary judgment and denied her cross motion to compel disclosure.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendants' motion for summary judgment and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff seeks to recover damages incurred when she was allegedly thrown off her motorcycle when it struck a pothole in a roadway maintained by the defendants Town of Brookhaven and the Town of Brookhaven Highway Department.

The defendants moved for summary judgment on the ground that they did not have prior written notice of the allegedly dangerous or defective condition as required by the Town of Brookhaven Code § 84-1 and Town Law § 65-a. While the defendants were correct in asserting that no prior written notice existed, an exception to the written notice requirement applies. No prior written notice is required where the locality created the defect or hazard through an affirmative act of negligence (*see, Amabile v City of Buffalo,* 93 NY2d 471; *Kiernan v Thompson,* 73 NY2d 840). In the instant case, the plaintiff has presented sufficient evidence of repair work performed by the defendants at the exact site of the accident, just weeks before its occurrence, to raise a triable issue of fact as to possible negligence on the defendants' part, which precludes summary judgment (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *ITT Hartford Ins. Co. v Village of Ossining,* 257 AD2d 606; *Yarshevitz v Town of N. Hempstead,* 240 AD2d 737).

The plaintiff's remaining contention is without merit. Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.