■ LOURDES CIATTO et al., Appellants-Respondents, v PAUL LIEBERMAN et al., Respondents, and BAST CHEVROLET, Respondent-Appellant. [698 NYS2d 54] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated July 23, 1998, as denied their motion pursuant to CPLR 4404 to set aside a jury verdict in favor of the defendants on the issue of liability and for judgment as a matter of law, and (2) a judgment of the same court, dated July 23, 1998, which is in favor of the defendants and against them, and the defendant Bast Chevrolet cross-appeals from so much of the order as denied its motion for judgment as a matter of law pursuant to CPLR 4401.

Ordered that the appeal and cross appeal from the order are dismissed; and it is further,

Ordered that the judgment is reversed, on the law, and the plaintiffs' motion is granted to the extent that the verdict is set aside and they are granted a new trial and is otherwise denied; and it is further,

Ordered that one bill of costs is awarded to abide the event.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see*, CPLR 5501 [a] [1]). The cross appeal of Bast Chevrolet (hereinafter Bast) from the intermediate order must be dismissed because it is not aggrieved by the order (*see*, CPLR 5511). However, on the plaintiffs' appeal from the judgment, Bast may raise, as an alternative ground for affirmance, the argument that it cannot be held vicariously liable to the plaintiffs as a matter of law (*see, Parochial Bus Sys. v Board of Educ.*, 60 NY2d 539; *Merz v Seaman*, 265 AD2d 385).

The vehicle driven by the defendant Paul Lieberman, while

making a left turn, struck the plaintiffs' vehicle, which was proceeding straight through the intersection of South Broadway and Liberty Avenue in Suffolk County. The plaintiff driver claimed that her vehicle was away from the curb, in the driving lane, and was already more than halfway through the intersection when the defendant Lieberman started to turn left. Nevertheless, the trial court refused to instruct the jury with respect to Vehicle and Traffic Law § 1141 which provides that a car turning left must yield the right of way to "any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard". Violation of that statute constitutes negligence per se (*see, Dalal v City of New York,* 262 AD2d 596). In view of the plaintiff driver's testimony, which, if believed by the jury, established negligence per se, the failure to so charge was reversible error (*see, Love v New York City Hous. Auth.,* 251 AD2d 553; *see also, Hyppolite v Guerrier,* 232 AD2d 456).

The parties' remaining contentions are without merit (*see, Switzer v Aldrich,* 307 NY 56). Bracken, J. P., Joy, Goldstein and Luciano, JJ., concur.