■ Carolyn A. Gerena, Respondent, v Town of Brookhaven et al., Appellants, et al., Defendant. (And a Third-Party Action.) [720 NYS2d 171] —In an action to recover damages for personal injuries, the defendant Town of Brookhaven appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated January 28, 2000, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant Floyd Cisco separately appeals, as limited by his brief, from so much of the same order as denied his sep-

arate motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendant Floyd Cisco for summary judgment and substituting therefor a provision granting that motion, dismissing the complaint insofar as asserted against that defendant, and severing the action against the remaining defendants; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendant Floyd Cisco payable by the plaintiff and the defendant Town of Brookhaven.

The plaintiff alleges that she sustained injuries when she slipped on a patch of ice that accumulated in a depression in a public street maintained by the defendant Town of Brookhaven, adjacent to premises owned by the defendant Floyd Cisco. The Supreme Court denied the appellants' respective motions for summary judgment finding that material issues of fact were raised.

Cisco made a prima facie showing of entitlement to judgment as a matter of law, and the plaintiff failed to present evidentiary proof sufficient to establish the existence of a triable issue of fact to defeat Cisco's motion. The plaintiff's fall occurred in the street and not on the driveway owned by Cisco. To hold an abutting landowner liable for injuries, a plaintiff is required to establish that the landowner actually created the dangerous condition (*see, Yass v Deepdale Gardens,* 187 AD2d 506) or that the landowner made a special use of the public roadway (*see, Kaufman v Silver,* 90 NY2d 204). The fact that Cisco complained about the condition of the driveway apron and drainage conditions in front of his premises does not support the plaintiff's contention that he put the roadway to a special use and created the defective condition (*see, Nguyen v Brentwood School Dist.,* 239 AD2d 406; *Herzfeld v Incorporated Vil. of Cedarhurst,* 171 AD2d 647). In addition, there was no evidentiary showing that Cisco may have worsened the alleged condition by his occasional sweeping of the roadway (*see, Yass v Deepdale Gardens, supra*; *Morgan v Department of Sanitation,* 250 AD2d 525).

The Supreme Court properly denied the motion of the Town of Brookhaven for summary judgment. Prior written notice is not required where a municipality created the defect through an affirmative act of negligence (*see, Amabile v City of Buffalo,* 93 NY2d 471). Here, after the Town made out a prima facie case for summary judgment, the plaintiff presented evidence of previous repair work performed by the Town at the site of the

accident, sufficient to raise a triable issue of fact (*see, Mayer v Town of Brookhaven,* 266 AD2d 360). Ritter, J. P., Friedmann, H. Miller and Smith, JJ., concur.