■ Saul Greenberg et al., Appellants, v New York City Transit Authority, Respondent. [736 NYS2d 73] —In an action

to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Kitzes, J.), dated March 29, 2000, which, upon the granting of the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the evidence, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is reversed, on the law, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new trial, with costs to abide the event.

The plaintiff Saul Greenberg allegedly was injured when he slipped and fell on a soapy substance on the floor of a car of an A subway train during the early morning hours. Based on his over 25 years of experience riding the A train and working for the defendant as an engineer, Greenberg knew that the train had originated from the Lefferts Boulevard station in Queens. The trial court did not allow Greenberg to testify regarding his observations of the defendant's employees cleaning the cars of the A train at the Lefferts Boulevard station during the early morning hours on many prior occasions, and the manner in which the cleaning occurred. At the close of the evidence, the trial court granted the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law on the ground that the plaintiffs did not demonstrate that the defendant either created the condition upon which Greenberg slipped and fell or had actual or constructive notice of it.

The plaintiffs' offer of proof in support of Greenberg's proposed testimony established that he had observed the defendant's employees cleaning the A train at the Lefferts Boulevard station often, and that every A train originating from Lefferts Boulevard in the early morning has a soapy substance put on the floor. The offer was sufficient to show that Greenberg's testimony would have established a routine of the defendant. Thus, this testimony should have been admitted as circumstantial evidence that the defendant engaged in that routine on the morning in question and thereby created the hazardous condition upon which Greenberg slipped and fell (*see, Halloran v Virginia Chems.,* 41 NY2d 386; *Schneider v Kings Highway Hosp.,* 67 NY2d 743; *Price v EQK Green Acres,* 275 AD2d 737).

As the trial court's exclusion of this testimony was not harmless error, the plaintiffs are entitled to a new trial (*see, Smith v Kuhn,* 221 AD2d 620; *Cotter v Mercedes-Benz Manhattan,* 108 AD2d 173). Ritter, Acting P.J., Feuerstein, S. Miller and Schmidt, JJ., concur.