■ Steven Maggio, Appellant, v City of New York, Respondent. [759 NYS2d 395] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Dunlop, J.), dated May 13, 2002, which granted the defendant's motion pursuant to CPLR 4401 to set aside a jury verdict in his favor and against it on the issue of liability, and for judgment as a matter of law, and (2) a judgment of the same court, entered July 11, 2002, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the motion is denied, the verdict on the issue of liability is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a trial on the issue of damages; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment.

The Supreme Court erred in granting the defendant's motion

to dismiss the complaint pursuant to CPLR 4401. In the present case, the plaintiff was required to establish that the defendant either created the defect or hazard through an affirmative act of negligence, because the defendant did not have prior written notice of the existence of the hazard (*see Amabile v City of Buffalo,* 93 NY2d 471 [1999]; *Bang v Town of Smithtown,* 291 AD2d 516 [2002]). Here, the testimony of the plaintiff and his expert during trial provided sufficient evidence that the subject pothole was created through an affirmative act of negligence during the repaving of a roadway by the defendant only a few months before the accident (*see Amabile v City of Buffalo, supra*; *Gerena v Town of Brookhaven,* 280 AD2d 450 [2001]; *Mayer v Town of Brookhaven,* 266 AD2d 360 [1999]; *see also Gayle v City of New York,* 92 NY2d 936 [1998]). This evidence supplied a valid line of reasoning and permissible inferences which could possibly lead rational jurors to the conclusion of negligence (*see Zeldin v Mendelsohn,* 288 AD2d 468 [2001]; *see generally Cohen v Hallmark Cards,* 45 NY2d 493 [1978]). Accordingly, the motion should have been denied. Smith, J.P., H. Miller, Cozier and Rivera, JJ., concur.