■ CARL E. GIER, Individually and as Executor of NORMA L. GIER, Deceased, Appellant, v CGF HEALTH SYSTEM, INC., et al., Defendants, and RALPH J. DOERR, M.D., Respondent. [762 NYS2d 472] —Appeal from an order of Supreme Court, Erie County (Mintz, J.), entered August 8, 2002, which granted the motion of defendant Ralph J. Doerr, M.D. for summary judgment dismissing the complaint against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is denied and the complaint against defendant Ralph J. Doerr, M.D. is reinstated.

Memorandum: This medical malpractice action was brought to recover for the wrongful death of Norma L. Gier (decedent), who died due to a ruptured abdominal aortic aneurysm several hours after being admitted to Buffalo General Hospital with an admitting diagnosis of a recurrent abdominal hernia. Ralph J. Doerr, M.D. (defendant) moved for summary judgment dismissing the complaint against him on the ground that, although he was the on-call attending physician at the time of decedent's admission to the hospital, he was not notified of the admission until he was no longer the on-call attending physician and thus the requisite physician-patient relationship between decedent and defendant was absent. Supreme Court granted the motion, concluding that defendant had established that he had not been notified of the admission while he was the on-call attending physician and that plaintiff had failed to raise a triable issue of fact by the submission of evidence in admissible form. We reverse.

We agree with the court that defendant met his initial burden on the motion by establishing the absence of a

physician-patient relationship, notwithstanding the fact that he is identified as decedent's attending physician in the hospital chart. In support of the motion, defendant submitted his deposition testimony establishing that he was not notified of the admission until he was no longer on call.

We conclude, however, that plaintiff raised a triable issue of fact sufficient to defeat the motion. In opposition, plaintiff submitted decedent's hospital chart, which contained numerous references to defendant as decedent's attending physician and a memorandum written by defendant John W. Cudmore, M.D. noting that the chief surgical resident had told him that defendant was timely notified of decedent's admission to the hospital. In addition, plaintiff submitted the affidavits of Charles C. Cheng, M.D., the admitting surgical resident, and Jon M. Bruce, M.D., the chief surgical resident, neither of whom had a specific recollection whether defendant had been notified at the time of decedent's admission to the hospital. Cheng averred, however, that it was "normal procedure and protocol" as well as his own "routine practice" to notify the on-call attending physician at the time of an admission, and Bruce averred that it was the "usual and customary practice" that the on-call attending physician would be so notified, and that he recalled no incident in his five years as a resident in which an on-call attending physician had not been notified.

We conclude that the affidavits of Cheng and Bruce constitute competent and admissible evidence concerning routine professional practice sufficient to raise a triable issue of fact whether defendant was notified of decedent's admission to the hospital at the time of the admission (see Soltis v State of New York, 188 AD2d 201, 203-205 [1993]; Rigie v Goldman, 148 AD2d 23, 25-26, 29 [1989]; see generally Halloran v Virginia Chems., 41 NY2d 386 [1977]; Greenberg v New York City Tr. Auth., 290 AD2d 412, 413 [2002]). Further, although Cudmore's memorandum is inadmissible hearsay and thus by itself is insufficient to defeat a motion for summary judgment, the memorandum may be considered together with the admissible evidence submitted in opposition to the motion (see Krampen v Foster, 242 AD2d 913, 915 [1997]; see also Arnold v New York City Hous. Auth., 296 AD2d 355, 356 [2002]; Sunfirst Fed. Credit Union v Empire Ins. Co./All City Ins. Co., 239 AD2d 894 [1997]). We therefore reverse the order, deny the motion and reinstate the complaint against defendant. Present— Pigott, Jr., P.J., Pine, Hurlbutt, Burns and Lawton, JJ.