■ SALVATORE CUCUZZA et al., Appellants, v CITY OF NEW YORK et al., Respondents. (And a Third-Party Action.) [767 NYS2d 853]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Mega, J.), dated August 1, 2002, which granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motions of the defendants N.B. Construction Corporation and Techno Construction, Inc., for summary judgment dismissing the complaint insofar as asserted against them and substituting therefor a provision denying the motions; as so modified, the order is affirmed, without costs or disbursements, and the complaint is reinstated against the defendants N.B. Construction Corporation and Techno Construction, Inc.

The plaintiffs' house is located on the northwest corner of Constant Avenue and Westcott Boulevard on Staten Island. On May 27, 1997, the plaintiff Salvatore Cucuzza was injured when he stepped from the curb of the sidewalk adjacent to the Constant Avenue side of the house and into a pothole in the roadway. He alleged that the pothole was located on Constant Avenue, between 15 and 50 feet west of Westcott Boulevard, and was created sometime between May 13, 1997, and May 20, 1997.

Between November 20, 1996, and June 6, 1997, the defendant Techno Construction, Inc. (hereinafter Techno), was the general contractor for the defendant City of New York on a water main and sewer replacement and installation project being performed in the vicinity of the accident. Techno had secured street opening permits, valid through May 15, 1997, to remove, inter alia, the roadway surface of Constant Avenue for a distance of up to 50 feet west of Westcott Boulevard. The defendant N.B. Construction Corporation (hereinafter NB), a paving subcontractor, conceded that, sometime between May 5, 1997, and May 16, 1997, it performed all roadway replacement and repaving work for the entire project, but denied that its repaving work on Constant Avenue extended more than 30 feet west of Westcott Boulevard.

The plaintiffs commenced the instant negligence action against the City, Techno, and NB, asserting that each was liable

for the damages sustained by the plaintiffs. NB, the City, and Techno separately moved for summary judgment dismissing the complaint insofar as it was asserted against each of them. The Supreme Court granted the motions, holding that since the pothole was, or should have been, sufficiently "open and obvious" to the injured plaintiff, the defendants were relieved of liability regardless of which, if any, were responsible for its creation. We modify.

Although NB and Techno made a prima facie showing that they were not responsible for the existence of the defect and thus not liable for the damages (*see Tsviling v City of New York*, 275 AD2d 367, 368 [2000]), in response, the plaintiffs showed the existence of a triable issue of fact as to whether or not NB created the defect (*see Greenberg v New York City Tr. Auth.*, 290 AD2d 412, 413 [2002]; *Gerena v Town of Brookhaven*, 280 AD2d 450, 451-452 [2001]; *Mayer v Town of Brookhaven*, 266 AD2d 360, 361 [1999]; *Giganti v Town of Hempstead*, 186 AD2d 627, 628 [1992]; *cf. Humphreys v Veneziano*, 268 AD2d 461, 462 [2000]; *Aversano v City of New York*, 265 AD2d 437, 438 [1999]), and if so, that Techno was responsible therefor due to its supervision of and control over the project (*see D'Andria v County of Suffolk*, 112 AD2d 397, 399 [1985]). Furthermore, even assuming that the hole in question was open and obvious, that only raises a question as to the injured plaintiff's comparative negligence and does not, as a matter of law, negate liability on the part of those who created the defect and/or are responsible for the project (*see Cupo v Karfunkel*, 2 AD3d 48 [2003]; *Tulovic v Chase Manhattan Bank*, 309 AD2d 923 [2003]). Accordingly, the respective motions of NB and Techno should have been denied.

As to the City, however, it is undisputed that it did not receive the required prior written notice of the defect, and accordingly made out a prima facie case for summary judgment. In opposition the plaintiffs failed to adduce evidence sufficient to raise a triable issue of fact as to whether or not the City created the defect (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Poirier v City of Schenectady*, 85 NY2d 310, 315 [1995]; *Smith v City of Syracuse*, 298 AD2d 842, 843 [2002]; *Bang v Town of Smithtown*, 291 AD2d 516 [2002]). Accordingly, the City's motion for summary judgment was properly granted. Altman, J.P., Florio, Friedmann and Mastro, JJ., concur.