■ ANETA MAGIDENKO et al., Respondents, v CONSOLIDATED EDISON, Defendant, and CITY OF NEW YORK, Appellant. [770 NYS2d 644]—

In an action to recover damages for personal injuries, etc., the defendant City of New York appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (F. Rivera, J.), dated January 16, 2003, as, upon a jury verdict, and upon the denial of its motions pursuant to CPLR 4401 for judgment as a matter of law and pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence, is in favor of the plaintiffs and against it in the principal sum of $175,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

To be entitled to judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of demonstrating that, upon viewing the evidence in the light most favorable to the plaintiff, the plaintiff failed to make out a prima facie case (*see Lyons v McCauley*, 252 AD2d 516, 516-517 [1998]). The court may grant the motion only if there is no rational process by which the factfinder could find for the plaintiff against the moving defendant (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Farrukh v Board of Educ. of City of N.Y.*, 227 AD2d 440, 441 [1996]).

The trial court correctly denied the motions by the City of

New York pursuant to CPLR 4401 for judgment as a matter of law and pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence (*see Nicastro v Park,* 113 AD2d 129, 132-133 [1985]). The City limits its appeal to the argument that in the absence of prior written notice, the plaintiffs were required, but failed, to establish a triable issue as to whether the City created the alleged defect in the road which caused the injured plaintiff to trip and fall. Contrary to this argument, the testimony of Sherry Johnson, an employee of the Department of Transportation Litigation Support Unit, sufficed to raise an inference that established by circumstantial evidence that the alleged defective condition which caused the injured plaintiff to trip and fall was created by the City's negligent repair of the roadway (*see Maggio v City of New York,* 305 AD2d 554, 555 [2003]). Santucci, J.P., Schmidt, Adams and Crane, JJ., concur.