◾ FLEET NATIONAL BANK, Appellant, v COVE CAR CARE CENTER, INC., et al., Respondents. [777 NYS2d 660]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Lally, J.), dated May 27, 2003, which, upon the granting of the defendants' motion pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law, is in favor of the defendants and against it, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

"To be entitled to judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of demonstrating that, upon viewing the evidence in the light most favorable to the plaintiff, the plaintiff failed to make out a prima facie case (see Lyons v McCauley, 252 AD2d 516, 516-517 [1998]). The court may grant the motion only if there is no rational process by which the factfinder could find for the plaintiff against the moving defendant (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; Farrukh v Board of Educ. of City of N.Y., 227 AD2d 440, 441 [1996])" (Magidenko v Consolidated Edison, 3 AD3d 553 [2004]).

To establish a prima facie case, the plaintiff had to prove the defendant's execution of the loan agreement and default under its terms (see Seaman-Andwall Corp. v Wright Mach. Corp., 31 AD2d 136 [1968], affd 29 NY2d 617 [1971]). In this case, the plaintiff proved the existence of a line-of-credit loan for $50,000 to the defendant Cove Car Care Center, Inc. (hereinafter Cove), and the personal guarantee of repayment by the individual defendants.

However, the plaintiff failed to make a prima facie showing that Cove defaulted in the repayment of the loan. Although the loan agreement required the plaintiff to send monthly billing statements, the plaintiff did not introduce any such statements into evidence. Nor did the plaintiff introduce any other documentary or testimonial evidence concerning the history of advances and payments on the loan. The demand letter and pay-off statement showing a balance due, which were introduced into evidence, were insufficient, standing alone, to establish that Cove defaulted on the loan, since the plaintiff offered no

explanation of how it arrived at the amount alleged to be due. Accordingly, the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law was properly granted. Prudenti, P.J., Krausman, Townes and Spolzino, JJ., concur.