■ ELIZABETH PADULA et al., Appellants, v CITY OF LONG BEACH et al., Respondents. [799 NYS2d 557]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated January 29, 2004, as granted that branch of the motion of the defendant City of Long Beach and the cross motion of the defendant Walsh Brothers Tree Service, Inc., which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting that branch of the motion of the defendant City of Long Beach which was for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiffs by the defendant City of Long Beach, and one bill of costs payable to the defendant Walsh Brothers Tree Service, Inc., by the plaintiffs.

On February 9, 2002, the plaintiff Elizabeth Padula (hereinafter the injured plaintiff) allegedly sustained physical injuries as

a result of a fall in a municipal parking lot owned by and situated in the defendant City of Long Beach. The injured plaintiff allegedly stepped from the adjacent sidewalk onto an uneven, unpaved area of the parking lot where the defendant Walsh Brothers Tree Service, Inc. (hereinafter Walsh), had removed a tree in October or November 2001. Based on the photographic evidence in the record, this unpaved area extended approximately one half of the length of a car and was more than one foot wide.

It was uncontroverted that the defendant City did not receive prior written notice of the alleged dangerous condition as required by the Charter of the City of Long Beach § 256A. However, prior written notice is not required where the locality created the defect or hazard through an affirmative act of negligence (*see Mayer v Town of Brookhaven*, 266 AD2d 360 [1999]). Here, in opposition to the City's prima facie showing of entitlement to summary judgment (*see Cohen v Town of Huntington*, 5 AD3d 424 [2004]), the plaintiffs raised a triable issue of fact as to whether the City was affirmatively negligent in creating the uneven earthen area in the parking lot (*see Kiernan v Thompson*, 73 NY2d 840 [1988]; *Maggio v City of New York*, 305 AD2d 554 [2003]; *Schuman v City of New York*, 304 AD2d 643 [2003]; *Kupfer v Village of Briarcliff Manor*, 288 AD2d 269 [2001]; *Mayer v Town of Brookhaven, supra*). The parking lot was apparently designed with this earthen area as a tree bed. Whether the creation of this uneven area within a paved parking lot constituted an affirmative act of negligence which proximately caused the injured plaintiff's fall must be determined by a jury.

Under the circumstances of this case, the Supreme Court correctly dismissed the complaint insofar as asserted against Walsh (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]). Florio, J.P., Adams, S. Miller and Santucci, JJ., concur.