MATTHEW GELFAND et al., Respondents, v ADJO CONTRACTING CORP. et al., Defendants, and TOWN OF HEMPSTEAD, Appellant. (And a Third-Party Action.) [918 NYS2d 730]—

In reviewing the Supreme Court's determination, made after a nonjury trial, our authority "is as broad as that of the trial court" and we "may render the judgment . . . warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983] [internal quotation marks omitted]). We discern no basis to disturb the Supreme Court's determination that the appellant was not entitled to prior written notice because the appellant created the dangerous condition that caused the injured plaintiff's accident through an affirmative act of negligence (*see Magidenko v Consolidated Edison*, 3 AD3d 553, 554 [2004]; *Maggio v City of New York*, 305 AD2d 554, 555 [2003]; *Akley v Clemons*, 237 AD2d 780, 781-782 [1997]; *Parks v Hutchins*, 162 AD2d 666 [1990]; *see also Tumminia v Cruz Constr. Corp.*, 41 AD3d 585 [2007]; *Perrington v City of Mount Vernon*, 37 AD3d 571, 572 [2007]; *Padula v City of Long Beach*, 20 AD3d 555 [2005]; *see generally Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Kiernan v Thompson*, 73 NY2d 840, 842 [1988]).

The appellant's remaining contention is without merit. Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.