■ VERONICA GUCCIARDI, Appellant, et al., Plaintiff, v NEW CHOPSTICKS HOUSE, INC., Respondent. [19 NYS3d 80]—

In an action to recover damages for personal injuries, etc., the plaintiff Veronica Gucciardi appeals from a judgment of the Supreme Court, Richmond County (Troia, J.), entered October 18, 2013, which, upon the granting of the defendant's motion in limine to preclude the introduction of evidence related to a post-accident surveillance video, and upon a jury verdict on the issue of liability, is in favor of the defendant and against her, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

On December 23, 2010, the plaintiff Veronica Gucciardi (hereinafter the appellant) allegedly was injured after slipping on ice in a parking lot outside of a restaurant owned by the defendant. On approximately eight subsequent occasions, between late February 2011 and April 2011, an investigator performed surveillance of the parking lot. On seven occasions he videotaped an employee of the defendant wheeling a mop bucket out of the restaurant and emptying the bucket into the parking lot. The appellant, and her husband, suing derivatively, commenced this personal injury action against the defendant in March 2011, alleging that it had created the icy condition on the night the appellant was injured by dumping water, which then froze, into the parking lot. When the matter proceeded to trial, the Supreme Court granted the defendant's motion in limine, made at the conclusion of discovery, to preclude the appellant from introducing the surveillance video recordings and from eliciting any testimony related to them. The jury returned a verdict in favor of the defendant and against the appellant on the issue of liability, and a judgment was entered in favor of the defendant, dismissing the complaint. On appeal, the appel-

lant contends that the Supreme Court erred in precluding the evidence. She contends that the proffered evidence would have established the defendant's habitual dumping of water into the parking lot, which would have amounted to circumstantial evidence that the defendant was responsible for the dangerous condition that caused her injuries.

A party in a negligence case is permitted to introduce evidence of a habit or routine practice "to allow the inference of its persistence, and hence negligence on a particular occasion" (*Halloran v Virginia Chems.*, 41 NY2d 386, 392 [1977]; *see Greenberg v New York City Tr. Auth.*, 290 AD2d 412, 413 [2002]; *Rigie v Goldman*, 148 AD2d 23, 27 [1989]). Nonetheless, to justify introduction of habit or regular usage, a party must be able to show on voir dire, to the satisfaction of the court, that the party expects to prove a sufficient number of instances of the conduct in question (*see Halloran v Virginia Chems.*, 41 NY2d at 392). Here, as the Supreme Court pointed out, the earliest proffered instance of the purported "habit" occurred more than two months after the date on which the appellant was injured, and was observed on only seven occasions over the next six weeks. We agree with the court's determination that the proffered evidence did not establish a habit or regular usage relevant to what occurred on the date the appellant allegedly was injured (*see Halloran v Virginia Chems.*, 41 NY2d 386 [1977]; *cf. Rivera v Anilesh*, 8 NY3d 627, 635-636 [2007]; *Rigie v Goldman*, 148 AD2d at 29-30). Accordingly, the court did not improvidently exercise its discretion in precluding the proffered evidence. Mastro, J.P., Balkin, Dickerson and Roman, JJ., concur.