Ortega v Ting (2019 NY Slip Op 03977)





Ortega v Ting


2019 NY Slip Op 03977


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2017-05342
 (Index No. 15374/12)

[*1]Rafael Ortega, respondent,
v
Anita Tsoi Lai Ting, appellant.


Tusa & Levin, Smithtown, NY (Robert P. Tusa of counsel), for appellant.
Bergman Bergman Fields & Lamonsoff, LLP, Hicksville, NY (Michael E. Bergman, Seth Fields, and Julie T. Mark of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated April 12, 2017. The order denied the defendant's motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the plaintiff on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial.
ORDERED that the order is affirmed, with costs.
While riding his bicycle, the plaintiff was struck and injured by a vehicle operated by the defendant. The plaintiff commenced this action to recover damages for personal injuries allegedly resulting from the accident. At trial, the plaintiff offered evidence that, as a result of the accident, he had no memory of the event, and the Supreme Court gave a Noseworthy charge (see Noseworthy v City of New York, 298 NY 76, 80). The plaintiff testified that, while he did not recall the accident, he did recall leaving work and getting on his bicycle with the intent of taking the route he usually took home, which route he detailed, explaining that he took the same route every day, except for when he took the bus. While that route would have had the plaintiff traveling with traffic at the time of the accident, the defendant testified, inter alia, that the plaintiff was traveling against traffic. The jury returned a verdict in favor of the plaintiff on the issue of liability. The defendant moved pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial on the issue of liability. The court denied the motion, and the defendant appeals.
The "setting aside of a jury verdict as a matter of law and the setting aside of a jury verdict as contrary to the weight of the evidence involve two inquiries and two different standards" (Ramirez v Mezzacappa, 121 AD3d 770, 772; see Cohen v Hallmark Cards, 45 NY2d 493, 498). A motion pursuant to CPLR 4404 to set aside a jury verdict and for judgment as a matter of law "will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial" (Frank v Gengler, 151 AD3d 696, 697; see Century Sur. Co. v All In One Roofing, LLC, 154 AD3d 803, 807). A jury verdict should not be set aside as contrary to the weight of the evidence "unless the jury could not have reached the verdict by any fair interpretation of the evidence" [*2](Wallace v City of New York, 108 AD3d 760, 761).
We agree with the Supreme Court's denial of that branch of the defendant's motion pursuant to CPLR 4404(a) which was to set aside the verdict and for judgment as a matter of law, as there was a valid line of reasoning and permissible inferences which could have led a rational jury to conclude that the defendant's negligence caused the plaintiff's injuries (see Shellkopf v Bernfeld, 162 AD3d 1086, 1086-1087). The jury could have credited the plaintiff's testimony as to his habit or routine practice, as to which the plaintiff submitted sufficient evidence "to allow the inference of its persistence" at the time of this accident (Gucciardi v New Chopsticks House, Inc., 133 AD3d 633, 634 [internal quotation marks omitted]; see Greenberg v NewYork City Tr. Auth., 290 AD2d 412; see also Simion v Franklin Ctr. for Rehabilitation & Nursing, Inc., 157 AD3d 738, 739), while also making reasonable inferences based on the defendant's own testimony that, inter alia, the defendant failed to see that which through proper use of the driver's senses she should have seen, for which the defendant could be found liable even if the plaintiff, as the defendant here argues, could not establish that he obeyed all the rules of the road (see Rojas v Solis, 154 AD3d 985; Barchella v Moser, 156 AD2d 324, 325; Bullock v Calabretta, 119 AD3d 884, 884).
We also agree with the Supreme Court's denial of that branch of the defendant's motion which was to set aside the verdict as contrary to the weight of the evidence and for a new trial. A fair interpretation of the evidence could have led the jury to reach its verdict that the defendant's negligence caused the accident (see Shellkopf v Bernfeld, 162 AD3d at 1086-1087; Wallace v City of New York, 108 AD3d at 761; Barchella v Moser, 156 AD2d at 325).
Accordingly, we agree with the Supreme Court's denial of the defendant's motion pursuant to CPLR 4404(a).
RIVERA, J.P., BALKIN, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court