Martin v Timmins (2019 NY Slip Op 07391)





Martin v Timmins


2019 NY Slip Op 07391


Decided on October 16, 2019


Appellate Division, Second Department


Maltese, J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-02572
 (Index No. 17469/07)

[*1]Michele Martin, et al., appellants, 
v
Edward M. Timmins, etc., respondent, et al., defendants.



APPEAL by the plaintiffs, in an action to recover damages for medical malpractice, etc., from a judgment of the Supreme Court (James Hudson, J.), entered January 15, 2016, in Suffolk County. The judgment, upon a jury verdict, is in favor of the defendant Edward M. Timmins and against the plaintiffs, dismissing the complaint insofar as asserted against that defendant.



Trolman, Glaser & Lichtman, P.C. (Pollack, Pollack, Isaac & De Cicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellants.
Vardaro & Associates, LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Katherine Herr Solomon and Caryn L. Lilling], of counsel), for respondent.



MALTESE, J.


OPINION & ORDER
The issue on this appeal is whether a physician performing a surgical procedure who has no written record nor an independent recollection of what he or she specifically did in performing that procedure can testify based upon what he or she usually does in performing that procedure based upon their "habit." We hold that, under the circumstances presented here, the defendant physician may not testify as to his habit in performing this surgical procedure.
The plaintiff Michele Martin (hereinafter the injured plaintiff) presented to the defendant Edward M. Timmins (hereinafter the defendant) for the treatment of an incisional hernia. On May 20, 2005, the defendant attempted to repair the hernia by suturing a Kugel Composix mesh patch against the plaintiff's abdominal wall. The mesh patch was designed so that one side, which was rough, would be placed against the abdominal wall and the tissue of the abdominal wall would grow into it. The other side of the mesh patch was smooth, so that organs would not stick to it. Unlike other mesh patches, the Kugel Composix mesh patch included a "pocket" intended to protect the intestines. After the procedure, the injured plaintiff allegedly experienced severe pain. It ultimately was discovered that a portion of the mesh patch was displaced and was hanging down from the plaintiff's abdominal wall. The rough side of that portion of the mesh patch, which should have been facing the abdominal wall, was facing the injured plaintiff's internal organs and had adhered to her intestines and omentum.
The injured plaintiff, and her husband suing derivatively, commenced this medical malpractice action against the defendant, among others. The plaintiffs contended that the defendant departed from good and accepted practice by failing to properly suture the mesh patch to the injured plaintiff's abdominal wall. The defendant testified during his deposition that he had no independent recollection of performing the injured plaintiff's surgery. The operative report prepared by the defendant did not indicate how many sutures the defendant used to secure the mesh patch or where the sutures were placed.
At the start of the jury trial, the plaintiff moved in limine to preclude any testimony from the defendant regarding his custom and practice related to performing incisional hernia repairs [*2]using the Kugel Composix mesh patch. The Supreme Court initially granted the motion to preclude such testimony, finding that the defendant had failed to demonstrate that the relevant procedures were invariably used in every prior surgery and that admitting the defendant's testimomy as evidence of a custom and practice would be an extension, rather than an appropriate application, of the rule set forth by the Court of Appeals in Rivera v Anilesh (8 NY3d 627).
After the plaintiffs presented their case, the defendant made an offer of proof regarding his custom and practice for placing sutures during a ventral hernia repair using mesh patches. Contrary to the Supreme Court's pretrial ruling, it then admitted the defendant's testimony as to his general method for suturing mesh patches during hernia repairs as evidence of the defendant's custom and practice. The defendant testified before the jury that the procedure for performing a hernia repair with a mesh patch was to suture around the periphery of the mesh patch. However, with the Kugel Composix mesh patch the procedure was to "go in through the pocket" and place the sutures circumferentially along the outside of the mesh patch. The defendant further testified that, for all hernia repairs using mesh patches, "[y]ou place sutures . . . around the edge of the mesh," then check for any areas with gaps "where something could poke through." Then, if there were areas with gaps, "you can put another suture if need be."
After the trial, the jury rendered a verdict in favor of the defendant. The Supreme Court entered a judgment in favor of the defendant and against the plaintiffs, dismissing the complaint insofar as asserted against the defendant. The plaintiffs appeal, and we reverse.
A party can rely on custom and practice evidence "to fill in evidentiary gaps where the proof demonstrates a deliberate and repetitive practice by a person in complete control of the circumstances'" (Galetta v Galetta, 21 NY3d 186, 197, quoting Rivera v Anilesh, 8 NY3d at 634; see Halloran v Virginia Chems., 41 NY2d 386, 391-392). Evidence of such a practice is generally admissible to allow the inference of the persistence of the habit on a particular occasion (see Rivera v Anilesh, 8 NY3d at 633-634; Halloran v Virginia Chems., 41 NY2d at 391-392). However, evidence of " conduct however frequent yet likely to vary from time to time depending upon the surrounding circumstances'" is not admissible as custom and practice evidence (Rivera v Anilesh, 8 NY3d at 634, quoting Halloran v Virginia Chems., 41 NY2d at 389).
"Custom and practice evidence draws its probative value from the repetition and unvarying uniformity of the procedure involved as it depends on the inference that a person who regularly follows a strict routine in relation to a particular repetitive practice is likely to have followed that same strict routine at a specific date or time relevant to the litigation" (Galetta v Galetta, 21 NY3d at 197-198). To justify the introduction of habit evidence, "a party must be able to show on voir dire, to the satisfaction of the court, that the party expects to prove a sufficient number of instances of the conduct in question" (Gucciardi v New Chopsticks House, Inc., 133 AD3d 633, 634).
We agree with the plaintiffs that the Supreme Court should not have admitted the defendant's testimony as evidence of his custom and practice. Although habit evidence may be admissible in a medical malpractice action where the defendant physician makes the requisite showing, here, the evidence did not demonstrate that the defendant's suturing of the Kugel Composix mesh patch represented a deliberate and repetitive practice by a person in complete control of the circumstances (see Gushlaw v Roll, 290 AD2d 667, 670; Glusaskas v John E. Hutchinson, III, M.D., P.C., 148 AD2d 203, 208-209). The defendant's procedure for suturing mesh patches during hernia repairs lacked unvarying uniformity and was "likely to vary from time to time depending upon the surrounding circumstances" (Halloran v Virginia Chems., 41 NY2d at 389). When making his offer of proof, the defendant testified before the Supreme Court that his procedure was to place sutures two to three centimeters apart circumferentially around the edge of the mesh patch. Then, he examined the area. If there were gaps that "appear[ed] to be too large," he would place additional sutures. The defendant further testified that whether the sutures were placed two centimeters apart or three centimeters apart, and whether there were gaps requiring additional sutures, would depend upon the contour of the patient's abdominal wall. The contour of the abdominal wall would differ based upon whether a patient was thin or obese. Thus, the placement of the sutures depended upon the surrounding circumstances which were not within the defendant's complete control.
Moreover, the defendant did not show that he "expect[ed] to prove a sufficient number of instances of the conduct in question" (Gucciardi v New Chopsticks House, Inc., 133 AD3d at 634). Although the defendant testified that he had performed hundreds of hernia repairs [*3]using mesh patches, he could not remember how many times he had used the Kugel Composix mesh patch before he performed the injured plaintiff's surgery. He testified at his deposition that he had used the Kugel Composix mesh patch at least "a couple times" before he performed the injured plaintiff's procedure. Although the defendant contends that the procedure for suturing the Kugel Composix mesh patch was the same as for other mesh patches, the Kugel Composix mesh patch had features that were different from other mesh patches, including a "pocket" intended to protect the intestines. The defendant testified that a surgeon would "go in through the pocket" when placing the sutures. Therefore, the suturing procedure for the Kugel Composix mesh patch used on the injured plaintiff differed from the suturing procedure for other types of mesh patches. Under the circumstances, the defendant did not establish a "sufficient number of instances of the conduct in question" (Halloran v Virginia Chems., 41 NY2d at 392; see Gucciardi v New Chopsticks House, Inc., 133 AD3d 633).
Contrary to the defendant's contention, the Supreme Court's error cannot be considered harmless as it bore upon the issue of whether the defendant negligently performed the injured plaintiff's hernia repair, which was the ultimate issue to be determined by the jury (see Sanchez v Steenson, 101 AD3d 982; see also Garricks v City of New York, 1 NY3d 22; Glusaskas v John E. Hutchinson, III, M.D., P.C., 148 AD2d at 207).
We need not reach the plaintiffs' remaining contention in light of our determination.
Accordingly, the judgment is reversed, on the law, the complaint is reinstated insofar as asserted against the defendant, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial.
ROMAN, J.P., HINDS-RADIX and LASALLE, JJ., concur.
ORDERED that the judgment is reversed, on the law, with costs, the complaint is reinstated insofar as asserted against the defendant Edward M. Timmins, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial.
ENTER:
Aprilanne Agostino
Clerk of the Court