Garcia v Brockenberry (2024 NY Slip Op 05889)

Garcia v Brockenberry

2024 NY Slip Op 05889

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Renwick, P.J., Moulton, Friedman, Kapnick, Kennedy, JJ. 

Index No. 813477/22 Appeal No. 3128 Case No. 2024-04557 

[*1]Jesus Maria A. Tavares Garcia, Plaintiff-Respondent,
v
Ernest P. Brockenberry, et al., Defendants-Appellants.

Gallo Vitucci Klar LLP, New York (MÓnica Romero of counsel), for appellants.
Gruenberg Kelly Della, Ronkonkoma (Frank Braunstein of counsel), for respondent.

Order, Supreme Court, Bronx County (Patsy Gouldborne, J.), entered July 12, 2024, which denied defendants Ernest P. Brockenberry and Senior Ride Transportation, LLC's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
Plaintiff commenced this action seeking to recover damages after crashing into a van driven by defendant Brockenberry and owned by defendant Senior Ride. On March 23, 2022, the date of the accident, plaintiff was driving his car west on Jericho Turnpike in Woodbury, New York. Brockenberry was traveling in the opposite direction, heading east, when he turned left into a driveway. Before he could finish entering the driveway, the front of plaintiff's car collided with the rear of defendants' van.
Supreme Court should have granted defendants' motion for summary judgment. On the motion, defendants had to establish that Brockenberry was operating his vehicle in a lawful and prudent manner and that there was nothing he could have done to avoid the collision. A motorist turning left across traffic is required to exercise care commensurate with the situation, to look for approaching motorists, and to exercise his statutory duty of yielding the right-of-way to motorists approaching from the opposite direction (see Vehicle Traffic Law 1141; Hyppolite v Guerrier, 232 AD2d 456 [2d Dept 1996]).
Defendants met their initial burden of establishing that Brockenberry made a left turn when it was reasonably safe to do so. In support, they submitted an affidavit of defendant Brockenberry and footage from his vehicle's dash camera. Defendants' dash camera video shows a five-lane road with Brockenberry driving in the middle lane designated for turning and then slowing to a stop. The dash camera further shows that at the time Brockenberry turned left, no vehicle is visible ahead. Defendants also submitted an expert report of Kevin S. Tully, an accredited traffic accident reconstructionist, who stated that the speed limit on the roadway at the site of the accident was 40 miles per hour and that plaintiff was travelling an average of 55 miles per hour. Thus, defendants established that Brockenberry was not negligent in making a left turn into the driveway and could not have contributed to the cause of the accident, which shifted the burden to plaintiff to raise a triable issue of fact.
Plaintiff failed to meet its burden of raising a triable issue of fact as to whether Brockenberry negligently made a left turn into the driveway. As defendants correctly point out, plaintiff's purported expert failed to demonstrate his qualifications to render an opinion (see Schechter v 3320 Holding LLC, 64 AD3d 446, 449-450 [1st Dept 2009]). In any event, plaintiff's proffered expert conceded that plaintiff had been speeding immediately prior to the collision and that plaintiff's version of the accident is refuted by footage from [*2]the Brockenberry's vehicle's dash camera. Additionally, plaintiff's expert's statement that Brockenberry could have taken evasive action to avoid the collision is based on speculation and not supported by the record.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024